IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BEAR COMMUNICATIONS, LLC, | ) | Case No. 21-10495 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| _____ | ) | |
| SCOTT GOLDSTEIN, TRUSTEE OF | ) | |
| THE LIQUIDATING TRUST OF | ) | |
| BEAR COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 23-5007 |
| | ) | |
| BRETT T. NILES, AMELIA NILES, | ) | |
| TRAVIS BEMIS, TODD GATZKE, | ) | |
| BIG BEAR INVESTMENTS, LLC, | ) | |
| BIB BEAR LEASING, INC., OPEN | ) | |
| COUNTRY, LLC and THE OAKS | ) | |
| GAME FARM, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MOTION OF DEFENDANTS TRAVIS BEMIS, TODD GATZKE
AND OPEN COUNTRY, LLC TO WITHDRAW THE REFERENCE,
AND MEMORANDUM IN SUPPORT**

COME NOW defendants Travis Bemis ("Bemis"), Todd Gatzke ("Gatzke") and Open Country, LLC ("Open Country") (collectively "Defendants"), pursuant to the provisions of 28 U.S.C. § 157(d), Fed. R. Bankr. P. 5011(a) and D.Kan. R. 83.8.6(a)(6), and move the court for an order withdrawing the reference of this adversary proceeding to the bankruptcy court as it relates to the jury-triable claims asserted against Defendants. The plaintiff in this

In the United States Bankruptcy Court for the District of Kansas
*Goldstein v. Niles, et al.*, Adv. No. 23-5007
(*In Re Bear Communications, LLC*, Case No. 21-10495, Chapter 11)
Motion to Withdraw Reference
Page 2

adversary proceeding is the trustee of a liquidating trust created by the debtor's plan of liquidation which was confirmed by the bankruptcy court on November 28, 2022.

As set forth below, the district court should withdraw the reference of this proceeding to the bankruptcy court "for cause" under 28 U.S.C. § 157(d). The "cause" for withdrawing the reference is the preservation of Defendants' constitutional right to a jury trial on the claims asserted against them. Plaintiff seeks monetary damages against defendant Open Country in five separate counts/claims, four of which are non-core state law claims. Plaintiff seeks monetary damages against defendants Bemis and Gatzke in two separate counts/claims, both of which are non-core state law claims. Defendants' motion to withdraw the reference should be granted because there are claims asserted against the Defendants that are triable by a jury according to the right set forth in the Seventh Amendment to the United States Constitution, and Defendants do not consent to a jury trial before the bankruptcy court.

Each defendant has filed a demand for jury trial herein on this same date, contemporaneously with the filing of their respective responsive pleadings.

## FACTUAL BACKGROUND

Scott Goldstein, as the trustee of the Liquidating Trust of Bear Communications, Inc., filed this adversary proceeding on February 21, 2023, asserting some twenty-one separate claims/counts ("Counts") against one or more of the named defendants.

In the United States Bankruptcy Court for the District of Kansas
*Goldstein v. Niles, et al.*, Adv. No. 23-5007
(*In Re Bear Communications, LLC*, Case No. 21-10495, Chapter 11)
Motion to Withdraw Reference
Page 3

The Counts asserted against Open Country are as follows:

- Count XIV Avoidance of Post-Petition Transfers Pursuant to 11 U.S.C. § 549

- Count XVII Tortious Interference With Business Expectancy

- Count XVIII Conversion

- Count XIX Successor Liability

- Count XX Alter Ego and Veil Piercing

The Counts asserted against Bemis and Gatzke are as follows:

- Count XVI Aiding and Abetting a Breach of Fiduciary Duty

- Count XXVII Tortious Interference with Business Expectancy

Count XIV against Open Country is asserted under applicable bankruptcy law (11 U.S.C. § 549). All other claims asserted against Defendants are common law claims under Kansas law.

Defendants obtained two agreed orders extending the time to answer or otherwise respond to the adversary complaint. The second extension extended the time to respond to June 30, 2023. (Doc. 52). Defendants each timely answered plaintiff's complaint on June 29, 2023. (Docs. 53, 54, 55). Neither Open Country, Bemis nor Gatzke filed claims in the Bear Communication bankruptcy proceeding.

In the United States Bankruptcy Court for the District of Kansas
*Goldstein v. Niles, et al.*, Adv. No. 23-5007
(*In Re Bear Communications, LLC*, Case No. 21-10495, Chapter 11)
Motion to Withdraw Reference
Page 4

On June 29, 2023, Defendants each timely filed demands for a jury trial that included notice that each defendant would seek to withdraw the reference as to the claims asserted in order to protect their respective rights to a jury trial because they do not consent to a jury trial before the bankruptcy court. (Doc. 56, 57, 58). The Defendants' demands for jury trial apply to all of the claims asserted against the Defendants.

## ARGUMENT AND AUTHORITIES

Pursuant to 28 U.S.C. § 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." *See also* D. Kan. Rule 83.8.6(a)(6) (bankruptcy proceeding may be transferred to District Court if cause exists within the contemplation of 28 U.S.C. § 157(d)).

A timely demand for a jury trial by a party entitled to trial by jury who has not consented to jury trial before the bankruptcy court has been recognized as "cause" for withdrawing the reference under 11 U.S.A. § 157(d). *Baer v. Persels & Assocs. LLC (In re Chance)*, No. 11-4017, 2013 WL 501392, at *1 (Bankr. D. Kan. Jan. 16, 2013); *Parks v. Consumer Law Assocs., LLC, (In re Stahl)*, No. 10-10679, 2012 WL 3758833, at *2 (Bankr. D. Kan. July 19, 2012); *Disbursing Agent of the Murray F. Hardesty Estate v. Severson (In re Hardesty)*, 190 B.R. 653, 655 (D. Kan. 1995).

In the United States Bankruptcy Court for the District of Kansas
*Goldstein v. Niles, et al.*, Adv. No. 23-5007
(*In Re Bear Communications, LLC*, Case No. 21-10495, Chapter 11)
Motion to Withdraw Reference
Page 5

Consistent with this authority, D. Kan. Rule 83.8.13(a) provides:

> A district judge ***shall*** conduct jury trials in all bankruptcy cases and proceedings in which a party has a right to a trial by jury, a jury is timely demanded, and no statement of consent to jury trial before a bankruptcy judge has been filed.

(emphasis added).

The three requirements of this rule for preserving the right to a jury trial conducted by the district court judge have been satisfied here.

First, it is undeniable that the Defendants have a constitutional right to a jury trial on plaintiff's claims seeking monetary damages. *See In re Brown Medical Center, Inc.*, 578 B.R. 590, 599 (S.D. Texas 2016) ("A party against whom legal action has been brought to recover monetary damages and who has never filed a claim against the estate is entitled to a jury trial under the constitutional mandates of the Seventh Amendment to the United States Constitution, notwithstanding Congress' characterization of the action as a core proceeding." [quotation omitted]).

Second, Defendants have made timely demand for jury trial even though their motion comes more than 20 days after they were served with summons. Defendants each made their demands on June 29, 2023, contemporaneously with their responsive pleadings that were due on June 30, 2023, pursuant to the Order Extending Time to Plead. (Doc. 52). A demand for jury trial is timely under Fed. R. Civ. P. 38(b)(1) if the demand is filed within 14 days after

In the United States Bankruptcy Court for the District of Kansas
*Goldstein v. Niles, et al.*, Adv. No. 23-5007
(*In Re Bear Communications, LLC*, Case No. 21-10495, Chapter 11)
Motion to Withdraw Reference
Page 6

the last pleading directed to the issue is served. This motion to withdraw the reference was also filed on June 29, 2023, well before the deadline to demand a jury trial under Fed. R. Civ. P. 38(b)(1).

In the recent case of *Redmond v. Tarpenning (In re U.S. Real Estate Equity Builder, LLC)*, Adv. Nos. 22-6048 & 22-6050, 2023 Bankr. LEXIS 136 (Bankr. D. Kan. April 23, 2023) (attached hereto), Judge Berger concluded that a timely demand for jury trial under Rule 38(b)(1), coupled with a motion to withdraw the reference, make the motion to withdraw timely even if it was not filed or requested within the deadline set forth in D. Kan. Rule 83.8.6(b)(2). The Court rejected the trustee's argument that the failure to move to withdraw the reference within the 20-day deadline of D. Kan. R. 83.8.6(b)(2), did not act as a waiver of the right to a jury trial. In essence, the Court held that the provisions of Rule 38 take priority over the local rule:

> While that motion [to withdraw the reference] may have been 15 days late under D. Kan. Rule 83.8.6(b)(2), it was filed before the deadline to demand a jury trial under Fed. R. Civ. P. 38(b)(1). Under those circumstances, Moving Defendants' demand for jury trial—consisting of the combined jury demand and motion to withdraw the reference, both filed 14 days after Moving Defendants' answer—was timely under Rule 38(b)(1). *Cf. Redmond v. Hassan (In re Hassan)*, 375 B.R. 637, 646 (Bankr. D. Kan. 2006) ("Because the two parts together constitute a complete jury trial demand, the time limit that should apply is the one found in Civil Rule 38(b) for making such a demand . . . ."). And since their jury demand was timely, Moving

In the United States Bankruptcy Court for the District of Kansas
*Goldstein v. Niles, et al.*, Adv. No. 23-5007
(*In Re Bear Communications, LLC*, Case No. 21-10495, Chapter 11)
Motion to Withdraw Reference
Page 7

> Defendants have not waived their right to a jury trial under Rule 38.

*Tarpenning*, 2023 Bankr. LEXIS at *9-10).

The Court also made two observations that are equally applicable here and further demonstrate why Defendants' motion is timely. First, "Moving Defendants correctly point out that they 'did not have a basis to withdraw the reference' until . . . they filed their demand for jury trial." *Id*. at 10 n.15. And second, "[t]o the extent there is a conflict between Fed. R. Civ. P. 38(b)(1) and D. Kan. Rule 83.8.6(b)(2), Rule 38 would prevail over the local rule." *Id*. at 10 n.16 (citing *Local Rules of the United States Bankruptcy Court for the District of Kansas,* Preface § 2 - Hierarchy of Rules). The conclusion in *Tarpenning* that a jury request and motion to transfer that are timely under Rule 38 constitute a valid assertion of the constitutional right to jury trial, notwithstanding the deadline in D. Kan. Rule 83.8.6(b)(2), demonstrates that Defendants' motion to withdraw the reference is timely here.

Finally, the third requirement in D. Kan. Rule 83.8.13(a)—that the movant not consent to jury trial in bankruptcy court—is clearly satisfied here by Defendants' demands for jury trial (Doc. 56, 57, 58) and this motion. Accordingly, all of the requirements for the withdrawal of the reference are met.

In the United States Bankruptcy Court for the District of Kansas
*Goldstein v. Niles, et al.*, Adv. No. 23-5007
(*In Re Bear Communications, LLC*, Case No. 21-10495, Chapter 11)
Motion to Withdraw Reference
Page 8

## **CONCLUSION**

For the reasons set forth above, Defendants request that their Motion to Withdraw the Reference to the bankruptcy court be granted, and that the jury-triable issues in this adversary proceeding be transferred to the district court for all further proceedings, including trial by jury.

/s/ Thomas J. Lasater
Thomas J. Lasater, Reg. No. 11440
FLEESON, GOOING, COULSON & KITCH, L.L.C.
P.O. Box 997
Wichita, Kansas 67201
Telephone:  (316) 267-7361
E-Mail:  tlasater@fleeson.com
*Attorneys for Defendants Travis Bemis, Todd Gatzke, and Open Country, LLC*

In the United States Bankruptcy Court for the District of Kansas
*Goldstein v. Niles, et al.*, Adv. No. 23-5007
(*In Re Bear Communications, LLC*, Case No. 21-10495, Chapter 11)
Motion to Withdraw Reference
Page 9

## CERTIFICATE OF SERVICE

 I hereby certify that on this 29th day of June, 2023, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send a notice of electronic filing to the Office of the U.S. Trustee and to all parties receiving electronic notice, and that courtesy copies were emailed to:

    Robert Hammeke
    robert.hammeke@dentons.com

    James R. Irving
    james.irving@dentons.com

    Scott Goldstein, Liquidating Trustee
    sgoldstein@spencerfane.com

    J. Michael Morris
    jmmorris@klendalaw.com

            /s/ Thomas J. Lasater
            Thomas J. Lasater



Neutral
As of: June 29, 2023 6:41 PM Z

# Redmond v. Tarpenning (In re US Real Est. Equity Builder, LLC)

United States Bankruptcy Court for the District of Kansas

April 20, 2023, Decided

Case No. 20-21358, Case No. 20-21359, Chapter 7, Adv. No. 22-6048, Adv. No. 22-6050

**Reporter**
2023 Bankr. LEXIS 1136 *

In re: US REAL ESTATE EQUITY BUILDER, LLC and US REAL ESTATE EQUITY BUILDER DAYTON, LLC, Debtors.CHRISTOPHER J. REDMOND, CHAPTER 7 TRUSTEE and STEVEN R. REBEIN, CHAPTER 7 TRUSTEE, Plaintiffs, v. SEAN TARPENNING et al., Defendants.

## Core Terms

jury trial, district court, withdraw, bankruptcy court, Defendants', right to a jury trial, motion to withdraw, recommendation, waived

## Case Summary

### Overview

HOLDINGS: [1]-The court recommended that the district court withdraw its reference under *28 U.S.C.S. § 157(d)* of claims against moving defendants on which they had a right to a jury trial because defendants had requested a jury trial under *Fed. R. Civ. P. 38(b)(1)*, including fraudulent transfer and preference claims, and had not consented to a jury trial before the bankruptcy court, so while defendant's motion was 15 days late under D. Kan. Rule 83.8.6(b)(2), it was filed before the deadline to demand a jury trial under *Fed. R. Civ. P. 38(b)(1)*, so it was timely. While defendants' late-filed motion had not waived their right to a jury trial, it did constitute consent to entry of final judgment by the bankruptcy court under Rule 83.8.6(b)(5), permitting a final adjudication on summary judgment, so withdrawal of the reference was not recommended until claims were ready for trial.

### Outcome

The court recommended that the district court withdraw the reference as to all claims against defendants on which moving defendants had a right to a jury trial, but not until (and unless) such claims were ready for trial.

## LexisNexis® Headnotes

Bankruptcy Law > Procedural Matters > Jurisdiction > Federal District Courts

Civil Procedure > Trials > Jury Trials > Jury Demands

Bankruptcy Law > Procedural Matters > Jury Trials

Bankruptcy Law > Procedural Matters > Jurisdiction > Removal to District Court

*HN1*[ ] **Jurisdiction, Federal District Courts**

Federal law grants jurisdiction over bankruptcy cases and bankruptcy-related proceedings to the district courts. *28 U.S.C.S. § 1334*. The district courts are permitted to refer those cases and proceedings to bankruptcy judges, which the District of Kansas has done via standing order. *28 U.S.C.S. § 157(a)*; D. Kan. Rule 83.8.5(a). However, a district court may withdraw that reference as to any case or proceeding, in whole or in part, on its own motion or on timely motion of

Case 6:23-cv-01157-HLT     Document 1     Filed 08/01/23     Page 11 of 18

Page 2 of 9
2023 Bankr. LEXIS 1136, *1136

any party, for cause shown. 28 U.S.C.S. § 157(d). In the District of Kansas, courts have found cause to withdraw the reference under § 157(d) where there is (1) a right to jury trial, (2) a timely demand for jury trial, and (3) no mutual consent to trial before the bankruptcy court.

Bankruptcy Law > Procedural Matters > Jurisdiction > Federal District Courts

**HN2**[⬇]  **Jurisdiction, Federal District Courts**

The burden of establishing cause to withdraw the reference to bankruptcy court under 28 U.S.C.S. § 157(d). is on the moving party. While the statute does not define timely, courts interpret it to mean that motions for permissive withdrawal under § 157(d) must be made at the first reasonable opportunity.

Bankruptcy Law > Procedural Matters > Jury Trials

Constitutional Law > Bill of Rights > Fundamental Rights > Trial by Jury in Civil Actions

**HN3**[⬇]  **Procedural Matters, Jury Trials**

The Seventh Amendment entitles a defendant who has not submitted a claim against the bankruptcy estate to a jury trial on fraudulent-transfer and preference claims.

Bankruptcy Law > Procedural Matters > Adversary Proceedings > Causes of Action

Civil Procedure > Trials > Jury Trials > Jury Demands

Bankruptcy Law > Procedural Matters > Adversary Proceedings > Commencement of Adversary Proceedings

**HN4**[⬇]  **Adversary Proceedings, Causes of Action**

Fed. R. Civ. P. 38(b)(1), which applies to adversary proceedings via Fed. R. Bankr. P. 9015(a), provides that a party may demand a jury by serving other parties with a written demand no later than 14 days after the last pleading directed to the issue is served.

Bankruptcy Law > Procedural Matters > Jury Trials

**HN5**[⬇]  **Procedural Matters, Jury Trials**

Under 28 U.S.C.S. § 157(e), a bankruptcy court may conduct a jury trial if specifically designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

Bankruptcy Law > Procedural Matters > Jury Trials

Civil Procedure > Trials > Jury Trials > Jury Demands

Civil Procedure > Trials > Jury Trials > Right to Jury Trial

**HN6**[⬇]  **Procedural Matters, Jury Trials**

Because a motion to withdraw a bankruptcy court reference together with a jury demand constitute a complete jury trial demand, the time limit that should apply is the one found in Fed. R. Civ. P. 38(b) for making such a demand.

Governments > Courts > Rule Application & Interpretation

**HN7**[⬇]  **Courts, Rule Application & Interpretation**

To the extent there is a conflict between Fed. R. Civ. P. 38(b)(1) and D. Kan. Rule 83.8.6(b)(2), Rule 38 would prevail over the local rule.

Case 6:23-cv-01157-HLT   Document 1   Filed 08/01/23   Page 12 of 18

Page 3 of 9
2023 Bankr. LEXIS 1136, *1136

Civil Procedure > Trials > Jury Trials > Right to Jury Trial

HN8[ ] **Jury Trials, Right to Jury Trial**

Fed. R. Civ. P. 39(c)18 provides that even if a jury trial was not properly demanded under Fed. R. Civ. P. 38, the court may, on motion, order a jury trial on any issue for which a jury might have been demanded. The Tenth Circuit has stated that courts should grant such motions in the absence of strong and compelling reasons to the contrary.

Bankruptcy Law > Procedural Matters > Contested Matters

HN9[ ] **Procedural Matters, Contested Matters**

Even where cause to withdraw a bankruptcy reference exists, a court may decline to do so until the case is ready for trial. Such an approach streamlines pretrial procedure and serves the interests of judicial efficiency by taking advantage of the Bankruptcy Court's expertise and familiarity with the issues and discouraging forum shopping.

Bankruptcy Law > ... > Prepetition Transfers > Preferential Transfers > Time Limitations

HN10[ ] **Preferential Transfers, Time Limitations**

The law of fraudulent transfers and preferences under 11 U.S.C.S. §§ 544, 547, 548, and 550 falls squarely within the bankruptcy court's area of expertise.

**Counsel:** [*1] For Forethought Life Insurance Company c/o Michael P Gaughan, Attorney (2:20bk21358): Michael P. Gaughan, Lewis Rice, LLC, Overland Park, KS.

For Access Investment Holdings, LLC, Creditor (2:20bk21358): Stewart Charles Bogart, Millsap & Singer, LLC, St. Louis, MO.

For Jacob Kraan Investments(USA) LLC and Kraan Memphis LLC, Creditor (2:20bk21358): Stephen K. Dexter, Lathrop GPM LLP, Denver, CO; William J Maloney, Lathrop Gage LLP, Kansas City, Mo.

For Missouri Department of Revenue, Creditor (2:20bk21358): Susan L Lissant, Missouri Department of Revenue, Jefferson City, MO.

For PS Funding Inc., Creditor (2:20bk21358): Scott Greenberg, Sandberg Phoenix& Von Gontard, PC, St. Louis, MO; Sharon L Stolte, Sandberg Phoenix & von Gontard, Kansas City, MO.

For Cynthia Schneider Bailey, Creditor (2:20bk21358): Kelly C. Tobin, Martinez Robin & Redman LLC, North Kansas City, MO.

For Taylor Strategic Loan, Toshner Holding, Creditors (2:20bk21358): Bradley D McCormack, The Sader Law Firm, Kansas City, MO.

For Aloha Capital, LLC, Creditor (2:20bk21358): Matthew R Moriarity, Polsinelli PC, Kansas City, MO.

For Anchor Loans, LP, Creditor (2:20bk21358): Stewart Charles Bogart, Adam Grissom Breeze, Cynthia M [*2] Kern Woolverton, Millsap & Singer, LLC, St. Louis, MO.

For Nathan Dunne, Ernest Tomas, Brad Henrichs, Metropolitan Housing Development Corporation, Chris Mayberry, James Tholen, Creditors (2:20bk21358): Ryan A Blay, WM Law, Olathe, KS.

For Joseph and Carolyn Winblad, Creditor (2:20bk21358): Shannon D. Wead, Foulston Siefkin LLP, Wichita, KS.

For ReadyCap Lending as servicer for Customers Bank, Creditor (2:20bk21358): Sharon L Stolte, Sandberg Phoenix & von Gontard, Kansas City, MO.

For Guardians of Travel, LLC, Creditor (2:20bk21358): Edward Dean Greim, Matthew Richard Mueller, Graves Garrett LLC, Kansas City, MO.

For Lima One Capital, LLC, Creditor (2:20bk21358): Pamela R Putnam, Armstrong Teasdale LLP, Kansas City, MO.

For Sean Tarpenning, Creditor (2:20bk21358):

Case 6:23-cv-01157-HLT   Document 1   Filed 08/01/23   Page 13 of 18

Page 4 of 9
2023 Bankr. LEXIS 1136, *2

Elizabeth S Lynch, Lynch Sharp & Associates, LLC, Kansas City, MO.

For Cortney House, Creditor (2:20bk21358): Janice E Stanton, Stanton & Redlingshafer LLC, Kansas City, MO.

For Internal Revenue Service, Creditor (2:20bk21358): Christopher Allman, U.S. Attorney's Office, Kansas City, KS.

For Legacy POL LLC #201500001, Creditor (2:20bk21358): Richard M. Beheler, South & Associates, PC, Overland Park, KS.

For 1 Big Red LLC, Creditor [*3] (2:20bk21358): Colin N. Gotham, Evans & Mullinix, P.A., Shawnee, KS.

For Legal Board of County Commissioners of Johnson County, Kansas, Creditor (2:20bk21358): Cynthia C. Dunham, Johnson County Legal Department, Olathe, KS.

For Bankruptcy Estate USREEB Dayton, LLC, Creditor (2:20bk21358): Steven R Rebein, Law Office of Steven R. Rebein, L.C., Lenexa, KS.

For US Real Estate Equity Builder LLC, Debtor (2:20bk21358): George J. Thomas, Phillips & Thomas, LLC, Leawood, KS.

For Twin Properties KC, LLC, Interested Party (2:20bk21358): Larry A Pittman, II, Sandberg Phoenix, Kansas City, MO; David L. Zeiler, Bradenton, FL.

For Unsecured Creditors' Committee, Creditor Committee (2:20bk21358): Bradley D McCormack, The Sader Law Firm, Kansas City, MO.

For Christopher J Redmond, Trustee (2:20bk21358): Andrea M Chase, Spencer Fane LLP, Kansas City, MO; Eric L. Johnson, Kansas City, MO; Christopher J Redmond, Redmond Law Firm, LLC, Overland Park, KS; Christopher J. Redmond, LEAD ATTORNEY, Redmond Law Firm, LLC, Overland Park, KS.

For U.S. Trustee, U.S. Trustee (2:20bk21358): Richard A Kear, Ust, Wichita, KS; Jordan M Sickman, Office of U.S. Trustee, Wichita, KS.

For Forethought Life Insurance Company c/o [*4] Michael P Gaughan, Attorney (2:20bk21359): Michael P. Gaughan, Lewis Rice, LLC, Overland Park, KS.

For PS Funding Inc., Creditor (2:20bk21359): Scott Greenberg, Sandberg Phoenix& Von Gontard, PC, St. Louis, MO; Sharon L Stolte, Sandberg Phoenix & von Gontard, Kansas City, MO.

For Toshner Holding, Creditor (2:20bk21359): Bradley D McCormack, The Sader Law Firm, Kansas City, MO.

For Aloha Capital, LLC, Creditor (2:20bk21359): Matthew R Moriarity, Polsinelli PC, Kansas City, MO.

For Anchor Assets V, LLC, Anchor Fund, LLC, Creditors (2:20bk21359): Cynthia M Kern Woolverton, Millsap & Singer, LLC, St. Louis, MO.

For Anchor Loans, LP, Creditor (2:20bk21359): Stewart Charles Bogart, Cynthia M Kern Woolverton, Millsap & Singer, LLC, St. Louis, MO.

For ReadyCap Lending as servicer for Customers Bank, Creditor (2:20bk21359): Sharon L Stolte, Sandberg Phoenix & von Gontard, Kansas City, MO.

For Mackaylee Beach, Creditor (2:20bk21359): Edward Dean Greim, Matthew Richard Mueller, Graves Garrett LLC, Kansas City, MO.

For Guardians of Travel, LLC, Creditor (2:20bk21359): Matthew Richard Mueller, Graves Garrett LLC, Kansas City, MO.

For Legacy POL LLC #201500001, Creditor (2:20bk21359): Richard M. Beheler, [*5] South & Associates, PC, Overland Park, KS.

For Sean Tarpenning, Creditor (2:20bk21359): Benjamin Lee Tompkins, Kennyhertz Perry, LLC, Mission Woods, KS.

For US Real Estate Equity Builder Dayton LLC, Debtor (2:20bk21359): George J. Thomas, Phillips & Thomas, LLC, Leawood, KS.

For Christopher J Redmond, Other Professional (2:20bk21359): Christopher J Redmond, Redmond Law Firm, LLC, Overland Park, KS.

For Steven R Rebein, Trustee (2:20bk21359): Andrea M Chase, Spencer Fane LLP, Kansas City, MO; Eric L. Johnson, Kansas City, MO; Steven R Rebein, Law Office of Steven R. Rebein, L.C.,

Case 6:23-cv-01157-HLT   Document 1   Filed 08/01/23   Page 14 of 18

Page 5 of 9
2023 Bankr. LEXIS 1136, *5

Lenexa, KS; Steven R. Rebein, LEAD ATTORNEY, Law Office of Steven R. Rebein, L.C., Lenexa, KS.

For U.S. Trustee, U.S. Trustee (2:20bk21359): Andrea M Chase, Spencer Fane LLP, Kansas City, MO; Richard A Kear, Ust, Wichita, KS; Jordan M Sickman, LEAD ATTORNEY, Office of U.S. Trustee, Wichita, KS.

For 1 Big Blue LLC, Defendant (2:22ap6048, 2:22ap6050): Benjamin Lee Tompkins, Kennyhertz Perry, LLC, Mission Woods, KS.

For JPMorgan Chase Bank, N.A., Defendant (2:22ap6048): John H Bernstein, Jeremy David Peck, LEAD ATTORNEYS, Justin M Nichols, Kutak Rock LLP, Denver, CO.

For Steven R Rebein, Christopher J. Redmond, Plaintiffs **[*6]** (2:22ap6048, 2:22ap6050): Andrea M Chase, Eric L. Johnson, LEAD ATTORNEYS, Spencer Fane LLP, Kansas City, MO.

For Sean Tarpenning, The One and Only, LLC, Defendants (2:22ap6048, 2:22ap6050): Benjamin Lee Tompkins, Kennyhertz Perry, LLC, Mission Woods, KS.

For JPMorgan Chase Bank, N.A., Defendant (2:22ap6050): Justin M Nichols, Kutak Rock LLP, Denver, CO.

**Judges:** Robert D. Berger, United States Bankruptcy Judge.

**Opinion by:** Robert D. Berger

# Opinion

## RECOMMENDATION THAT DISTRICT COURT DECLINE TO WITHDRAW THE REFERENCE UNTIL THE JURY-TRIABLE CLAIMS AGAINST MOVANTS ARE READY FOR TRIAL

Defendants 1 Big Blue LLC and The One and Only, LLC ("**Moving Defendants**") move to withdraw the reference of the claims against them in this adversary proceeding back to the district court.[1] This Bankruptcy Court recommends, pursuant to D. Kan. Rule 83.8.6(c), that the District Court withdraw the reference as to those claims on which Moving Defendants have the right to a jury trial—but not until (and unless) such claims are ready for trial.

HN1[↑] Federal law grants jurisdiction over bankruptcy cases and bankruptcy-related proceedings to the district courts. See 28 U.S.C. § 1334. The district courts are permitted to refer those cases and proceedings to bankruptcy judges, which the District **[*7]** of Kansas has done via standing order. See 28 U.S.C. § 157(a); D. Kan. Rule 83.8.5(a) (referencing "Amended Standing Order of Reference" effective June 24, 2013). However, a district court may withdraw that reference as to any case or proceeding, in whole or in part, "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).[2] In the District of Kansas, courts have found cause to withdraw the reference under § 157(d) where there is (1) a right to jury trial, (2) a timely demand for jury trial, and (3) no mutual consent to trial before the bankruptcy court. See, e.g., Disbursing Agent of the Murray F. Hardesty Estate v. Severson (In re Hardesty), 190 B.R. 653, 655 (D. Kan. 1995); cf. D. Kan. Rule 83.8.13(a) (providing that district judge "shall" conduct jury trial under those circumstances).

Here, in their first amended complaint, the Trustees[3] assert claims against the Moving Defendants for, among other things, fraudulent transfers and preferences under 11 U.S.C. §§ 544,

---

[1] Adv. No. 22-6048, ECF 12; Adv. No. 22-6050, ECF 14.

[2] HN2[↑] The burden of establishing cause to withdraw the reference is on the moving party. See Collier on Bankruptcy ¶ 5011.01[1][b] (Richard Levin & Henry J. Sommer eds., 16th ed.). While the statute does not define "timely," courts interpret it to mean that motions for permissive withdrawal under § 157(d) must be made "at the first reasonable opportunity." See id. ¶ 5011.01[2].

[3] Mr. Redmond is Chapter 7 trustee for the USREEB estate; Mr. Rebein is Chapter 7 trustee for the USREEB Dayton estate.

547, 548, and 550.[4] The Moving Defendants now argue that they (1) have the right to a jury trial on those claims;[5] (2) timely filed their demand for jury trial under Fed. R. Civ. P. 38(b)(1);[6] and (3) do not consent to a jury trial before the bankruptcy court.[7] The Moving Defendants conclude that the District Court should withdraw the reference as to *all* claims against them—even those on which they are not entitled to a jury [*8] trial.[8] (In a footnote, the Moving Defendants also suggest that the District Court might "exercise its discretion" to withdraw the reference as to this entire proceeding[9] "if it will conserve the Debtors' estate resources and will not hinder the uniformity and efficiency of the bankruptcy administration."[10]

The Trustees respond that under D. Kan. Rule 83.8.6(b)(2), an original defendant's motion to withdraw the reference "shall be filed within 20 days after movant has entered appearance or been served with summons or notice." The Trustees point out that Moving Defendants were served with summons on October 11, 2022, and entered an appearance on November 10, 2022—but did not move to withdraw the reference until December 15, 2022.[11] Citing Stainer v. Latimer (In re Latimer), 918 F.2d 136 (10th Cir. 1990), and In re Oliver, Bankr. No. 05-40504, Adv. No. 11-07038, 2011 Bankr. LEXIS 4808, 2011 WL 6097810 (Bankr. D. Kan. Dec. 6, 2011) (Karlin, J.)), the Trustees argue that because Moving Defendants' motion to withdraw the reference was 15 days late under D. Kan. Rule 83.8.6(b)(2), Moving Defendants have waived their right to a

---

[4] *See* Adv. No. 22-6048, ECF 2 (Counts 17-26, 30, and 32); Adv. No. 22-6050, ECF 2 (same). Sections 544, 547, and 548 of the Bankruptcy Code provide that a bankruptcy trustee may avoid certain fraudulent transfers and preferential payments; section 550 allows the trustee to recover the transferred property, or the value of such property, for the benefit of the bankruptcy estate.

The Trustees' remaining claims against the Moving Defendants are for disallowance of claims (Counts 31 and 33) and unjust enrichment/quantum meruit (Counts 35 and 38).

[5] HN3[↑] The Seventh Amendment entitles a defendant who has not submitted a claim against the bankruptcy estate to a jury trial on fraudulent-transfer and preference claims. *See Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 64, 109 S. Ct. 2782, 106 L. Ed. 2d 26 (1989)*; *Langenkamp v. Culp, 498 U.S. 42, 44, 111 S. Ct. 330, 112 L. Ed. 2d 343 (1990)*. Here, it is undisputed that Moving Defendants, who have not submitted claims against the bankruptcy estates of USREEB and USREEB Dayton, would be entitled to a jury trial on the Trustees' fraudulent-transfer and preference claims under §§ 544, 547, 548, and 550 if they did not waive that right.

[6] HN4[↑] Fed. R. Civ. P. 38(b)(1), which applies to this adversary proceeding via Fed. R. Bankr. P. 9015(a), provides that a party may demand a jury by serving other parties with a written demand no later than 14 days after the last pleading directed to the issue is served. Here, Moving Defendants filed their answer on December 1, 2022, and filed their jury demand 14 days later, on December 15, 2022. *See* Adv. No. 22-6048, ECF 8, ECF 11; Adv. No. 22-6050, ECF 10, ECF 13.

[7] *See* Adv. No. 22-6048, ECF 12 at 2; Adv. No. 22-6050, ECF 14 at 2.

[8] The Moving Defendants concede that they do not have the right to a jury trial on Counts 31 and 33, "Disallowance of Claims." *See* Adv. No. 22-6048, ECF 12 at 6; Adv. No. 22-6050, ECF 14 at 6. While they argue that they do have the right to a jury trial on Counts 35 and 38, "Unjust Enrichment/Quantum Meruit," that may not be the case. *See Rezac Livestock Comm'n Co. v. Pinnacle Bank, Case No. 15-4958-DDC, 2020 U.S. Dist. LEXIS 3373, 2020 WL 109648, at *6 (D. Kan. Jan. 9, 2020)* (holding that plaintiffs were not entitled to jury trial on claims under Kansas law for unjust enrichment). However, if the District Court declines to withdraw the reference until this proceeding is ready for trial, it need not decide that issue now. *See Redmond v. Hassan, Misc. Action No. 07-204-KHV, 2007 U.S. Dist. LEXIS 14721, 2007 WL 677611, at *1 (D. Kan. Feb. 28, 2007)* (observing that district court "need not conclusively distinguish legal from equitable claims at this point").

[9] The other defendants in this proceeding are JPMorgan Chase Bank, Capital One Bank, Huntington National Bank, and Sean Tarpenning. According to the Trustees' first amended complaint, Mr. Tarpenning, and/or a trust of which he is the sole beneficiary, is the "100% owner" of 1 Big Blue and the "sole member" of One and Only. *See* Adv. No. 22-6048, ECF 2 ¶¶ 5-6, 8; Adv. No. 22-6050, ECF 2 ¶¶ 5-6, 8.

[10] Adv. No. 22-6048, ECF 12 at 6 n.2 (citing *In re K&R Express Sys., Inc., 382 B.R. 443, 446 (N.D. Ill. 2007)*); Adv. No. 22-6050, ECF 14 at 6 n.2 (same). Because Tarpenning filed proofs of claim against the USREEB and USREEB Dayton bankruptcy estates, he is not entitled to a jury trial in this proceeding. *See Langenkamp, 498 U.S. at 45*.

[11] *See* Adv. No. 22-6048, ECF 18 ¶¶ 5, 9, 11; Adv. No. 22-6050, ECF 20 ¶¶ 5, 9, 11.

Sydney Walsh

jury trial.[12] This Court disagrees.

In 1990, when *Latimer* was decided, the Bankruptcy Code did not authorize bankruptcy courts to conduct jury trials.[13] The Tenth Circuit reasoned in *Latimer* that because a jury trial could not take place in bankruptcy court, parties who had not requested **[*9]** transfer to the district court (i.e., withdrawal of the reference) had therefore waived their right to a jury trial. *See In re Latimer, 918 F.2d at 137*. The circuit held that "to avoid waiver, parties seeking a jury trial must *combine* their request for a jury trial with a request for transfer to the district court." *Id.* (emphasis added).

Congress enacted *28 U.S.C. § 157(e)* in 1994.[14] **HN5**[⬆] Under *§ 157(e)*, a bankruptcy court may conduct a jury trial "if specifically designated to exercise such jurisdiction by the district court and with the express consent of all the parties."

In *Oliver*, which was decided in 2011, the plaintiffs had requested a jury trial in their complaint but never moved to withdraw the reference; the defendants did not consent to a jury trial conducted by the bankruptcy court. *See In re Oliver, 2011 Bankr. LEXIS 4808, 2011 WL 6097810, at *1*. Judge Karlin held that because *§ 157(e)* did not authorize a bankruptcy court to conduct a jury trial without the defendants' consent, the plaintiffs' failure to request transfer to the district court had—as in *Latimer*—waived their right to a jury trial. *See id.*

But unlike the parties seeking jury trials in *Latimer* and *Oliver*, who never filed a motion to withdraw the reference, Moving Defendants here *did* file one with their jury demand. While that motion may have been **[*10]** 15 days late under *D. Kan. Rule 83.8.6(b)(2)*, it was filed before the deadline to demand a jury trial under *Fed. R. Civ. P. 38(b)(1)*.[15] Under those circumstances, Moving Defendants' demand for jury trial—consisting of the combined jury demand and motion to withdraw the reference, both filed 14 days after Moving Defendants' answer—was timely under *Rule 38(b)(1)*.[16] *Cf. Redmond v. Hassan (In re Hassan), 375 B.R. 637, 646 (Bankr. D. Kan. 2006)* ("**HN6**[⬆] Because the two parts together constitute a complete jury trial demand, the time limit that should apply is the one found in *Civil Rule 38(b)* for making such a demand . . . ."). And since their jury demand was timely, Moving Defendants have not waived their right to a jury trial under *Rule 38*.[17]

**HN8**[⬆] Furthermore, *Fed. R. Civ. P. 39(c)*[18] provides that even if a jury trial was not properly demanded under *Rule 38*, the court "may, on motion, order a jury trial on any issue for which a jury might have been demanded." The Tenth Circuit has stated that courts should grant such motions "in the absence of 'strong and compelling reasons to the contrary.'" *See Redmond v. Hassan (In re Hassan), 375 B.R. 637, 647 (Bankr. D. Kan. 2006)* (Somers, J.) (quoting *Green Constr. Co. v. Kan. Power & Light Co., 1 F.3d 1005, 1011 (10th Cir. 1993)*). The Trustees have not provided any such reasons here. *Cf. id.* (stating that late-filed motion to withdraw reference should not be considered "strong and compelling reason" to deny party's request for jury trial). Thus, Moving Defendants would be entitled to a jury **[*11]** trial under *Rule 39* even if they had waived their right to one under *Rule 38*. *Cf. id. at 646-47* (citing *Rule*

---

[12] *See id.* ¶¶ 14-15.

[13] *See In re Kaiser Steel Corp., 911 F.2d 380, 389-92 (10th Cir. 1990)* (holding that bankruptcy court lacked authority to conduct jury trial under Bankruptcy Code as amended by Bankruptcy Amendments and Federal Judgeship Act of 1984).

[14] *See Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, § 112* (codified at *28 U.S.C. § 157(e)*).

[15] Moving Defendants correctly point out that they "did not have a basis to withdraw the reference" until December 15, 2022, when they filed their demand for jury trial. *See* Adv. No. 22-6048, ECF 25 at 1-2; Adv. No. 22-6050, ECF 27 at 1-2.

[16] **HN7**[⬆] To the extent there is a conflict between *Fed. R. Civ. P. 38(b)(1)* and *D. Kan. Rule 83.8.6(b)(2)*, *Rule 38* would prevail over the local rule. *See* Preface § 2, Hierarchy of Rules, *Local Rules of the United States Bankruptcy Court for the District of Kansas*.

[17] *Cf. Fed. R. Civ. P. 38(d)* ("A party waives a jury trial unless its demand is properly served and filed.").

[18] *Fed. R. Civ. P. 39(c) applies to this adversary proceeding under Fed. R. Bankr. P. 9015(a).*

Case 6:23-cv-01157-HLT   Document 1   Filed 08/01/23   Page 17 of 18

Page 8 of 9
2023 Bankr. LEXIS 1136, *11

39(b) and recommending that the district court excuse parties' "inadvertent waiver" of their jury-trial right).[19]

Regardless of whether the jury trial would take place under Rule 38 or Rule 39, this Bankruptcy Court cannot conduct it without Moving Defendants' consent—which they have not given. That jury trial must therefore be conducted by the District Court. *See* 28 U.S.C. § 157(e); D. Kan. Rule 83.8.13(a). For these reasons, the Bankruptcy Court recommends that the District Court hold that D. Kan. Rule 83.8.6(b)(2) does not preclude an original defendant's otherwise-timely demand for jury trial under Fed. R. Civ. P. 38(b)(1), overrule the Trustees' objection, and find that Moving Defendants have established cause to withdraw the reference of the jury-triable claims against them under 28 U.S.C. § 157(d).

That does not mean, however, that the District Court must withdraw the reference immediately. HN9[↑] Even where cause to withdraw the reference exists, a court may decline to do so until the case is ready for trial. *See* In re Hardesty, 190 B.R. at 656; *see also* Lindemuth v. Lloyd & Maclauglin, LLC (In re Lindemuth), Case No. 12-23060 Chapter 11, Case No. 21-2554-EFM, 2022 U.S. Dist. LEXIS 22661, 2022 WL 369413, at *1, *7 (D. Kan. Feb. 8, 2022) (adopting recommendation that "withdrawal of reference should not occur at this time" and stating that "the better course would be to decline any transfer until the case is ready for trial"). "Such an approach [*12] streamlines pretrial procedure and serves the interests of judicial efficiency by taking advantage of the Bankruptcy Court's expertise and familiarity [with] the issues and discouraging forum shopping." Redmond v. Hassan, Misc. Action No. 07-204-KHV, 2007 U.S. Dist. LEXIS 14721, 2007 WL 677611, at *1 (D. Kan. Feb. 28, 2007) (citing In re Hardesty, 190 B.R. at 656-57, and overruling motion to withdraw the reference as premature).

Here, the Trustees suggest that the timing of the present motion indicates forum-shopping on Moving Defendants' part (and possible "gamesmanship" on the part of Moving Defendants' principal, Mr. Tarpenning).[20] The Trustees also point out that because the other defendants in this adversary proceeding (JPMorgan Chase Bank, Capital One Bank, and Huntington National Bank) do not seek withdrawal of the reference, efficiency and judicial economy would be promoted if all pretrial matters remain with this Bankruptcy Court.[21] HN10[↑] The law of fraudulent transfers and preferences under §§ 544, 547, 548, and 550 of the Bankruptcy Code "falls squarely within this Court's area of expertise."[22] Finally, although Moving Defendants' late-filed motion to withdraw the reference did not waive their right to a jury trial, it does—under D. Kan. Rule 83.8.6(b)(5)—constitute consent to entry of final judgment by the bankruptcy court (such that Article III would permit this Court to finally adjudicate any so-called "*Stern* [*13] claims" on summary judgment).[23] Under these circumstances,

---

[19] Unlike the Moving Defendants here, who filed their motion to withdraw the reference within the time to demand a jury under Rule 38(b)(1), the *Hassan* movants filed their motion "several months" after that deadline expired. *See* In re Hassan, 375 B.R. at 646 n.11.

[20] *See* Adv. No. 22-6048, ECF 18 ¶¶ 19-20; Adv. No. 22-6050, ECF 20 ¶¶ 19-20.

On December 15, 2022, this Bankruptcy Court struck a series of improper emails filed by Mr. Tarpenning and ordered him to show cause why his filing privileges should not be restricted. *See* Case No. 20-21358, ECF 801. Moving Defendants filed their motion to withdraw the reference later that same day.

[21] *See* Adv. No. 22-6048, ECF 18 ¶ 21; Adv. No. 22-6050, ECF 20 ¶ 21.

[22] AstroPower Liquidating Trust v. Xantrex Tech., Inc. (In re AstroPower Liquidating Trust), 335 B.R. 309, 330 (Bankr. D. Del. 2005).

[23] Rule 83.8.6(b)(5) provides: "Failure to timely move for transfer of a particular proceeding for hearing and trial by a district judge shall be construed as consent to final entry of judgment in the bankruptcy court."

In Stern v. Marshall, 564 U.S. 462, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011), the Supreme Court held that Article III did not permit a bankruptcy court to enter final judgment on the debtor's counterclaim against her stepson for tortious interference (even though bankruptcy courts were authorized to do so under 28 U.S.C. § 157). The Court subsequently held, in Executive Benefits Insurance Agency v. Arkison, 573 U.S. 25, 134 S. Ct. 2165, 189 L. Ed. 2d 83 (2014), that Article III

2023 Bankr. LEXIS 1136, *13

it is the recommendation of the Bankruptcy Court that the District Court withdraw the reference of the jury-triable claims against the Moving Defendants, but not until (and unless) such claims are ready for trial.

**The relief described hereinbelow is SO ORDERED**.

**SIGNED this 20th day of April, 2023**.

/s/ Robert D. Berger

Robert D. Berger

United States Bankruptcy Judge

---

End of Document

does permit a bankruptcy court to enter final judgment on so-called "*Stern* claims" with the parties' consent.

Sydney Walsh